IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTOINETTE LEE                                                                    PLAINTIFF

v.                                        Civil No. 4:23-cv-04054

BURROW TIMBER LLC,
SCOTT O'BIERNE                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Scott O'Bierne's ("O'Bierne") Motion for Judgment on the

Pleadings (ECF No. 121) and Defendant Burrow Timber LLC's ("Burrow") Motion for Judgment

on the Pleadings or Alternatively for Partial Summary Judgment. ECF No. 126.  Plaintiff has

responded to these Motions.  ECF Nos. 124, 129, 130.  Also before the Court is Plaintiff's Motion

for Judgment on the Pleadings and Brief in Support.  ECF Nos. 104, 105.  Defendants have filed

their Responses in opposition.  ECF Nos. 116, 118.  Pursuant to the provisions of 28 U.S.C. §

636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for

the purpose of making a report and recommendation.  In accordance with that referral, this Court

enters the following report and recommendation.

1.      **Background:**

On November 21, 2023, Plaintiff filed her *pro se* Amended Complaint against Defendants

O'Bierne and Burrow.  ECF No. 92.  Plaintiff alleges ownership of 80 acres located in Lafayette

County, Arkansas, including the 40 acres currently in possession by Burrow and 40 acres currently

in possession of O'Bierne.  *Id.* In her Amended Complaint, Plaintiff claims the Defendants

trespassed and removed personal property, in the form of timber, on land Plaintiff claims to own

as one of the heirs of Cupe Shepherd.  *Id.*  Plaintiff alleges Cupe Shepherd's ownership of the

certain lands in question in Lafayette County, Arkansas is as a result of a United States government patent certificate issued on January 30, 1882. *Id.* Plaintiff's claims for relief include damages for use of land in the trespass, ejectment of occupants and damage to property from harvesting timber. *Id*.

Defendant O'Bierne has filed a Motion for Judgment on the Pleadings seeking dismissal of Plaintiff's suit based on failure to join the proper parties and the applicable statute of limitations. ECF No. 121. Defendant Burrow has filed a Motion for Judgment on the Pleadings or Alternatively for Partial Summary Judgment. ECF No. 126. Burrow seeks dismissal based on Plaintiff's failure to state a claim of relief, statute of limitations, and misjoinder of parties resulting in lack of standing to obtain the requested relief. *Id.*

Plaintiff has filed responses in opposition to Defendants' motions. ECF Nos. 124, 129, 130. Plaintiff also filed a Motion for Judgment on the Pleadings and Brief in Support. ECF Nos. 104, 105. Defendants have filed their Responses in opposition to this Motion. ECF Nos. 116, 118.

**2.    Discussion:**

   **A. <u>Plaintiff's Standing to Bring Lawsuit</u>**[1]

Because standing is a jurisdictional question, a motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1). *See Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018). A challenge to jurisdiction under Rule 12(b)(1) may proceed in one of two ways: as a facial challenge or as a factual challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). *Id.* In a factual attack, the court may consider matters

---

[1] Based on the finding that Plaintiff lacks standing to bring this suit and that the claims are barred by the statute of limitations, this Court will only address these grounds raised by the Defendants.

outside the pleadings, and the non-movant does not have the benefit of the 12(b)(6) protections.  *Id.*  In this case, Defendants are making a factual attack to Plaintiff's standing.

Plaintiff alleges the Defendants trespassed and removed personal property, namely timber, on land Plaintiff claims to own as one of the heirs of Cupe Shepherd.  ECF No. 92.  Plaintiff claims she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent in 1882, and the language of the land patent states that the land is granted to the grantee, his heirs, or assignees forever.  *Id.*

The Court must consider whether Plaintiff has standing to bring any claim against the Defendants based on her claim of being one of the heirs of Cupe Shepherd.  In making her claims, Plaintiff fails to even allege she is the exclusive heir of Cupe Shepherd.  Plaintiff fails to allege her interest in the subject property has been established by any proceeding or court ruling.  Plaintiff has only alleged she is a descendant of Cupe Shepherd.  There is no allegation that Plaintiff has been appointed executor, administrator, or in some other capacity as the personal representative of the Estate of Cupe Shepherd or any descendant of Cupe Shepherd.  Plaintiff has not even alleged when Cupe Sheperd died, where he died, or whether he died intestate or not.  Because of these deficiencies, Plaintiff has not alleged facts which give her standing to bring this action, and her Amended Complaint should be dismissed for lack of standing.

Further, Plaintiff mentions, but does not identify, other heirs of Cupe Shepherd in her Amended Complaint.  ECF No. 92, pp. 2-3.  Even if the Court were to find Plaintiff had standing, in her capacity as one of several heirs, but not on behalf of other unidentified heirs, the remaining heirs would be required to be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure, *see generally Serlin v. Samuels,* 101 F.R.D. 64, 66 (E.D. N.Y. 1984)(dismissing suit where other heirs to estate were omitted from suit brought by one heir).  These heirs' interests could raise issues under both subparts of that Rule: the Court's ultimate decision here may impair

or impede the heirs' ability to protect their interest, and their absence here leaves the Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the other heirs' interest. Fed. R. Civ. P. 19(a)(1)(B)(i), (ii). These other heirs potentially have claims in the exact same property that the Plaintiff here asserts, because like the Plaintiff, they could be heirs of a Cupe Shepherd family member that possessed an interest in the same subject property. Therefore, the Court's decisions in this matter could affect their interests, and Defendants could be subject to multiple or inconsistent recoveries.

Without these other potential heirs, the court could not provide complete relief and Defendants could be subject to multiple and inconsistent outcomes. Fed. R. Civ. P. 19(a)(1)(B)(i-ii).[2] The Amended Compliant should be dismissed for failure to join necessary parties.

**B. <u>Claims Barred by Statute of Limitations</u>**

Defendants also seek dismissal of Plaintiff's Amended Complaint based upon the claims being barred by the applicable statute of limitations. In her Amended Complaint, Plaintiff claims the Defendants trespassed and removed personal property, in the form of timber, on land Plaintiff claims to own as a result of being one of the heirs of Cupe Shepherd. ECF No. 92. Plaintiff's claims for relief include damages ejectment of occupants, trespass, and damage to property from harvesting timber. *Id*.

Plaintiff claims to be an heir and own an interest in the land at issue based on the United States patent certificate no. 18925 issued to Cupe Shepherd, on or about January 30, 1892. ECF No. 92, Ex. A. Plaintiff has alleged Cupe Shepherd's ownership interest was never "properly conveyed" and, that more than 100 years later, the lands are owned by Plaintiff and the other heirs

---

[2] The Court notes that *pro se* parties may not represent the interests of other parties. As to Plaintiff's claims as one of several heirs of Cupe Shepherd estate, she does not have standing to bring such a claim on behalf of all heirs because such would constitute the unauthorized practice of law.

of Cupe Shepherd.  ECF No. 92.[3]  Plaintiff claims no interest in the subject property, other than as an heir of Cupe Shepherd.

However, the public record does not support her claims of ejectment, trespass, and damage to property from harvesting timber.  Cupe Shepherd and his spouse conveyed the land in question to W.L. Connevey, by warranty deed, on or about May 30, 1891. ECF No. 126-2.[4]  This deed was filed for record in the land records of Lafayette County, Arkansas, on June 4, 1891, in Book U-2 at Page 465.  *Id.*  These documents, having been filed of record, provide constructive notice to anyone from the time they were filed.  Ark. Code Ann. § 14-15-404(a)(1).  And although these documents have been public records and available to Plaintiff and her family since 1891, Plaintiff alleges she only became aware her claimed interests in these lands in July 2022.  ECF No. 92, Pg. 2.

The statute of limitations for ejectment is five years from absence of possession.  Ark. Code Ann. § 18-61-103.  For trespass and claims of injuring, destroying, or carrying away property of others, the statute of limitations is three years from the occurrence.  *Id.* at § 16-56-105(4), (6).  Furthermore, any action to recover possession of property or adverse possession, the statute of limitations is 7 years.  *Id.* at § 18-61-101(a).  It is obvious that all the relevant events in this matter occurred over 100 years before this action was filed and are time barred.  The Plaintiff has failed to explain or justify the delay asserting this action.  It is Plaintiff's burden to establish a tolling of the statute of limitations.  *See Riddle v. Udouj*, 371 Ark. 452, 267 S.W.3d 586, 593 (2007).  Plaintiff has not met her burden.

---

[3] As previously discussed, Plaintiff has not alleged nor established that she has any capacity, representative or otherwise, to assert claims on behalf of any of the other heirs of Cupe Shephard.
[4] Cupe Shepherd transferred the subject property to W.L. Connevey by warranty deed in May 1891.This conveyance was prior to the 1892 Land Patent to Cupe Shepherd claimed by Plaintiff.  The Doctrine of After Acquired Title applies to Arkansas land deeds.  *See, Peay v. Capps*, 27 Ark. 160, 164 (1871).  Even assuming Cupe Shepherd had no interest in the land when the deed was given to W.L. Connevey, any interest that Cupe Shepherd acquired under the patent passed to W.L. Connevey immediately under the Warranty Deed of May 1891. Ark. Code Ann. § 18-12-601.

5

Additionally, any claim based on the execution of the documents outlined in the Amended Complaint is barred by Arkansas's three-year statute of limitations for fraud. *See* Ark. Code Ann. § 16-56-105(1) (2020). These documents were all filed of public record since 1891. As such, they were constructive notice to everyone from the time they were filed. Ark. Code Ann. §14-15-404(a)(1).

It is clear that any cause of action Plaintiff may have possessed as a result of her ancestor's interest in the subject property lapsed many years ago. Accordingly, the Court recommends Plaintiff's claims be found as time-barred and dismissed.

**3.     Conclusion:**

Based upon the foregoing, the Court recommends Defendant O'Bierne's Motion for Judgment on the Pleadings (ECF No. 121) and Defendant Burrow's Motion for Judgment on the Pleadings or Alternatively for Partial Summary Judgment (ECF No. 126) be **GRANTED** and Plaintiff's Complaint should be dismissed without prejudice, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 104) should be **DENIED AS MOOT.**[5]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **16th day of May 2024.**

*/s/  Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] Defendants also seek relief and request the Notice of *Lis Pendens* filed by Plaintiff and recorded by the Circuit Clerk of Lafayette County, Arkansas be expunged. This relief will need to be addressed by the State court where it is filed.