IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTOINETTE LEE                                                                                           PLAINTIFF

v.                                             Case No. 4:23-cv-4054

BURROW TIMBER, LLC and
SCOTT O'BIERNE                                                                                        DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 148. Judge Bryant recommends that Defendants' Motions for Judgment on the Pleadings (ECF Nos. 121 & 126) be granted, and that Plaintiff Antoinette Lee's Amended Complaint (ECF No. 92) be dismissed with prejudice.  Judge Bryant further recommends that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 104) be denied as moot.  Plaintiff filed an objection.  ECF No. 149. Separate Defendant Burrow Timber, LLC filed a response to Plaintiff's objection.  ECF No. 150. The Court finds the matter ripe for consideration.

**I. BACKGROUND**[1]

On May 16, 2023, Plaintiff filed her initial *pro se* complaint in this Court.  ECF No. 2. Plaintiff eventually filed an Amended Complaint on November 21, 2023, which is the operative complaint in this matter.  ECF No. 92.  Plaintiff's allegations center around her assertion that tracts of property in Lafayette County, Arkansas, which are currently in Defendants' possession, rightfully belong to her.  Plaintiff contends that a January 1, 1892 land grant patent (ECF No. 92-1) from the United States to Plaintiff's great grandfather Cupe Shepherd "and his heirs"

---

[1] The factual background is derived from the general factual allegations in Plaintiff's Amended Complaint and the relevant public records embraced by the complaint and referenced by the parties.

demonstrates that she is entitled to rightful possession of the properties in question.[2] Plaintiff alleges that Defendant Burrow Timber, LLC ("Burrow") is currently in possession of approximately forty (40) acres of the land deeded to Cupe Shepherd, identified as parcel number 001-04093 (RID 4927). Plaintiff similarly alleges that Defendant Scott O'Bierne ("O'Bierne") is currently in possession of approximately forty (40) acres of land deeded to Cupe Shepherd, identified as parcel number 001-04092 (RID 4926). Plaintiff asserts that this Court has subject matter jurisdiction over her claims pursuant to 28 U.S.C. 1332(a).[3]

Plaintiff brings three claims against each Defendant regarding their allegedly unlawful possession of the land deeded to Cupe Shepherd. ECF No. 92, p. 4-7. Plaintiff first asserts a claim of trespass, stating that both Defendants have willfully and intentionally entered and remained upon land of which they do not have rightful ownership. Next, Plaintiff asserts a claim for ejectment pursuant to Arkansas Code § 18-60-201, asserting that both Defendants are illegally occupying land that Plaintiff rightfully owns. Last, Plaintiff asserts a claim for injuring, destroying, or carrying away property of another pursuant to Arkansas Code § 18-60-102(a)(1), stating that Defendants have removed and sold timber on the subject parcels that is the rightful property of Plaintiff. Plaintiff seeks compensatory damages "in the amount of one hundred dollars per acre" for each month Defendants have unlawfully possessed the subject parcels, and for the amount allowed for destruction of property. Plaintiff also seeks revocation of any title to the parcels claimed by Defendants and a quiet title decree certifying that the subject parcels are owned by the heirs of Cupe Shepherd.

---

[2] The tract of land is granularly described as "the South East quarter of Section Six in Township Sixteen South of Range twenty four West of the Fifth [illegible] Meridian in Arkansas containing one hundred and sixty acres[.]" ECF No. 92-1.

[3] Plaintiff alleges that complete diversity exists between the parties because she is a citizen of California, Defendant Burrow is a citizen of Arkansas, and Defendant O'Bierne is a citizen of Texas. Plaintiff also alleges that the two tracts of land currently possessed by Defendants are valued at more than $75,000.

On January 20, 2024, Defendant O'Bierne filed his Motion for Judgment on the Pleadings and accompanying brief. ECF Nos. 121 & 122. O'Bierne argues that Plaintiff has no claim to the subject parcels because Cupe Shepherd sold his interest in the land deeded to him by the United States, and that Plaintiff's claims are all barred by the applicable statue of limitations. On January 25, 2024, Defendant Burrow also filed a Motion for Judgment on the Pleadings and accompanying brief. ECF Nos. 126 & 128. Burrow makes similar arguments regarding ownership and the applicable statutes of limitation, but also contends that Plaintiff failed to join necessary parties under Federal Rule of Civil Procedure 19(a). Plaintiff responded in opposition to both motions, generally disputing that Cupe Shepherd ever conveyed his interest in the subject land and that the statute of limitations has elapsed for her claims. ECF Nos. 129 & 130. Defendant Burrow replied, arguing that Plaintiff misconstrues Arkansas property law and that Arkansas courts have rejected her theory of tolling the statute of limitations. ECF No. 132.

On May 16, 2024, Judge Bryant issued the instant R&R. ECF No. 148. Judge Bryant recommends that Plaintiff's claims be dismissed with prejudice because they are barred by the applicable statutes of limitations. Alternatively, Judge Bryant recommends that Plaintiff's complaint be dismissed for lack of standing and for failure to join necessary parties. Plaintiff filed an objection to the R&R, generally disputing each recommendation. ECF No. 149. Defendant Burrow responded to Plaintiff's objection, arguing that Plaintiff failed to demonstrate any legal flaw in the R&R.

## II. LEGAL STANDARD

### A. Judgment on the Pleadings Standard

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a

motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

When considering a motion for judgment on the pleadings, courts must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

**B. Review of R&R**

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger de novo review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a de novo review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full de novo review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

**C. Applicable Law**

Federal courts sitting in diversity generally apply the substantive law of the forum state. *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1061 (8th Cir. 2020) (citation omitted). Arkansas substantive law applies because Arkansas is the forum state, Plaintiff's claims are pursuant to Arkansas law, and the parties' arguments presume the application of Arkansas law.

5

However, federal procedural law governs the procedural standards for diversity cases. *Smith v. Toyota Motor Corporation*, 964 F.3d 725, 728 (8th Cir. 2020).

### III. DISCUSSION

The Court finds that Plaintiff's objections as a *pro se* litigant are sufficiently specific to require a de novo review of the portions of Judge Bryant's R&R to which she objected. The Court will first address Judge Bryant's recommendation regarding the statute of limitations for Plaintiff's claims because adopting that recommendation results in Plaintiff's claims being dismissed with prejudice. If the Court declines to adopt that aspect of Judge Bryant's R&R, it will proceed to evaluate Judge Bryant's remaining recommendations regarding standing and failure to join necessary parties.

**A. Statute of Limitations**

Plaintiff's claim of trespass alleges that Plaintiff, as the rightful owner of the tracts of land currently possessed by each Defendant, has been harmed by Defendants' continuing trespass on the lands originally deeded to Cupe Shepherd. ECF No. 92, p. 4. For her ejectment claim pursuant to Arkansas Code § 18-60-201, Plaintiff alleges that each Defendant is wrongfully possessing land for which she holds legal title as an heir of Cupe Shepherd. *Id*. at p. 5. Plaintiff's third claim for "carrying away property of another" pursuant to Arkansas Code § 18-60-102(a)(1) alleges that each Defendant has trespassed and illegally cut down trees on the tracts of land for which Plaintiff holds legal title as an heir of Cupe Shepherd. *Id*. at p. 6-7.

In his motion for judgment on the pleadings, Defendant O'Bierne argues that each of Plaintiff's claims are clearly barred by the applicable statutes of limitations and have been so for nearly a century. ECF No. 122, p. 7-11. Defendant Burrow similarly contends that the statute of limitations bars each of Plaintiff's claims. ECF No. 128, p. 13-16. Both Defendants note that

Arkansas Code §14-15-404(a)(1) states that property instruments filed of record provide constructive notice regarding claims to title of the property at issue. Each Defendant then points to a deed recorded in Lafayette County from 1891 ("Sale Deed") in which Cupe Shepherd sold all title and interest in the land which would eventually form the subject parcels in Defendants' possession.[4] Thus, Defendants contend that the statute of limitations for each of Plaintiff's claims, which center on her asserted ownership of the tracts possessed by Defendants, started running upon the recording of the Sale Deed. Defendants then note that Plaintiff's trespass-based claims have a three-year statute of limitations, her ejectment claim has a five-year statute of limitations, and that all suits for recovery of lands must commence within seven years of accrual of their right to bring suit. Defendants conclude that Plaintiff's claims are undeniably beyond all those applicable periods that began to run upon the recording of the Sale Deed and that they are entitled to judgment as a matter of law.

In response, Plaintiff first asserts that the Sale Deed was ineffective to transfer title away from Cupe Shepherd.[5] ECF No. 130, p. 1. Plaintiff then argues that the statute of limitations for her trespass claims have not elapsed because Defendants are engaging in "continuous trespass" that has tolled the running of any applicable statute of limitations. *Id*. at p. 2. Defendant Burrow replied, arguing that Arkansas courts have explicitly rejected Plaintiff's continuing trespass theory for tolling the statute of limitations. ECF No. 132, p. 5-6.

In the R&R, Judge Bryant determines that each of Plaintiff's claims is barred by the applicable statute of limitations. ECF No. 148, p. 4-6. Judge Bryant first notes that the Sale Deed

---

[4] This deed is attached as Exhibit 1 to Defendant O'Bierne's Answer (ECF No. 94, p. 11-12), and as Exhibit 2 to Defendant Burrow's motion for judgment on the pleadings (ECF No. 126-2).
[5] Plaintiff only explicitly responded to Defendant Burrow's motion for judgment on the pleadings. ECF No. 130. The Court will apply her arguments to Defendant O'Bierne's motion because they address the same statute of limitations issues.

conveying the subject property from Cupe Shepherd was filed in the land records for Lafayette County on or about June 4, 1891.  Judge Bryant further notes that pursuant to Arkansas Code § 14-15-404(a)(1), that filing of record provided constructive notice to all persons regarding the asserted change in title to the subject property.  Judge Bryant then notes that ejectment claims must be brought within five years of a defendant's possession of the property, trespass claims must be brought within three years of the beginning of the trespass, and any claims disputing title in lands must be brought within seven years of a claim accruing.  Highlighting that the Sand Deed transferred title away from Cupe Shepherd in 1891 and that all alleged actions giving rise to Plaintiff's claims started immediately afterward, Judge Bryant recommends finding that Plaintiff's claims are time barred and dismissing the claims with prejudice.

Plaintiff filed a timely objection, arguing that her claims are not time barred.  ECF No. 149, p. 3-4.  Plaintiff contends that she did not have knowledge of any possession by Defendants until learning of the land patent issued to Cupe Shepherd, which justifies her delay in bringing this action.  Plaintiff asserts that she has "pleaded all required elements of the doctrine of delayed discovery." *Id*. at p. 4.  In responding to Plaintiff's objection, Defendant Burrow argues that Plaintiff has not satisfied her burden of showing any basis to toll the statutes of limitations for her claims.  ECF No. 150, p. 8-10.  Defendant Burrow again contends that Arkansas courts do not entertain a continuing trespass theory for tolling such claims and that Plaintiff has not alleged any actions by Defendants to deceive Plaintiff or conceal their possession of the tracts of land.

The Court finds that Plaintiff's claims are time barred.  Plaintiff's claims for trespass and removal of trees during trespass must have been brought within three years of the alleged trespass. *See* Ark. Code. Ann. § 16-56-105(4).  The Sale Deed transferring ownership away from Cupe Shepherd was recorded in 1891 and gave all individuals constructive notice of the new claim to

8

ownership. *See* Ark. Code Ann. § 14-15-404.[6] Plaintiff alleges that the land granted to Cupe Shepherd from the United States "has been subject to various acts of unlawful continuing trespass by individual trespassers *since the original land patent was issued*." ECF No. 92, p. 2 (emphasis added). Therefore, according to Plaintiff's allegations and the Sale Deed from 1891, Plaintiff's actions for trespass accrued over one hundred years ago and are manifestly time barred by the applicable three-year statute of limitations. Further, the Supreme Court of Arkansas has clearly rejected Plaintiff's continuous tort theory for tolling the statute of limitations of her trespass claims. *See Gunn v. Farmers Ins. Exchange*, 2010 Ark. 434, 8-9, 372 S.W.3d 346, 352-53 (noting that a three-year statute of limitations for a tort commences from the moment "there is a complete and full cause of action and, in the absence of concealment or wrong, when the injury occurs, not when it is discovered.") (citation omitted); *see also Carson v. Lambert*, 2015 Ark. App. 213, 4, 462 S.W.3d 681, 683 (holding that a trespass claim accrued when encroachment on the land first occurred and that the theory of continuous trespass to toll the statute of limitations was erroneous) (citations omitted).

Plaintiff's claim for ejectment is similarly time barred.[7] Under Arkansas Code § 18-61-101, an individual, or their heirs, must bring an action regarding "lands, tenements, or hereditaments" within seven years of the action accruing. Ark. Code. Ann. § 18-61-101(a). That seven-year statute of limitations applies to actions for ejectment. *Schwarz v. Colonial Mortg. Co.*, 326 Ark. 455, 460-61 (1996) (applying the seven-year limit within Arkansas Code § 18-61-101(a)

---

[6] "Every deed, bond, or instrument of writing affecting the title, in law or equity, to any real or personal property within this state which is or may be required by law to be acknowledged or proved and recorded shall be constructive notice to all persons from the time the instrument is filed for record in the office of the county recorder of the proper county." Ark. Code. Ann. § 14-15-404(a)(1).

[7] "The action of ejectment may be maintained in all cases in which the plaintiff is legally entitled to the possession of the premises." Ark. Code Ann. § 18-60-201. "The action of ejectment may be maintained in all cases in which the plaintiff claims the possession of the premises under or by virtue of [a]n entry made with the register and receiver of the proper land office of the United States[.]" Ark. Code. Ann. § 18-60-202(a)(1).

9

to a plaintiff's ejectment action). Again, Plaintiff alleges that the tracts of land for which she claims ownership have been subject to unlawful possession since the land patent was issued to Cupe Shepherd in 1892. Plaintiff indisputably brought her claim more than seven years after the allegedly unlawful possession commenced. Accordingly, accepting as true the factual allegations within Plaintiff's Amended Complaint, every claim asserted by Plaintiff is time barred and must be dismissed with prejudice.

Because the Court's determination regarding the statutes of limitations is dispositive and results in dismissal with prejudice, the Court finds it unnecessary to analyze the remaining recommendations within Judge Bryant's R&R.

## IV. CONCLUSION

Upon de novo review and for the reasons stated above, the Court hereby **adopts** the recommendation within Judge Bryant's R&R (ECF No. 148) that Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 104) is hereby **DENIED AS MOOT**.[8]

**IT IS SO ORDERED**, this 15th day of August, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[8] Any state proceeding initiated by Plaintiff against Defendant's title to the applicable tracts of land, such as filing a Notice of *Lis Pendens*, must be addressed in the appropriate state forum.